# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

_____

LAURA HANSEN,

    Plaintiff,

v.

ABIGAIL GUNDERSON, STEVE W.
OWENS, RICHARD ALLENDORF, MYLES
BARTON, ROBYN BARTON, CHAD
BARTON, RICHARD MUCK, DONNA
MUCK, GARY TAZELAAR, DEBORAH
CLARK, JONATHAN J. GUNDERSON,
CHERYL A. GUNDERSON, and THE
CITY OF MINNETONKA,

    Defendants.

_____

Civil No. 10-2026 (SRN/JJK)

**REPORT AND RECOMMENDATION**

    This matter is before the undersigned United States Magistrate Judge on Plaintiff's amended application for leave to proceed in forma pauperis, ("IFP"), (Docket No. 6), and her motion for leave to file an amended complaint, (Docket No. 7). The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that Plaintiff's pending motions be denied, and that this action be dismissed without prejudice.

    Plaintiff commenced this action in May 2010, by filing a self-styled complaint, and an application to proceed IFP. (Docket Nos. 1 and 2.) Those documents were reviewed immediately after they were filed, and the Court found both of them to be defective. The original IFP application was found to be defective, because it did not provide a complete explanation of Plaintiff's current financial circumstances. The original complaint was found to be defective, because it did not set forth a

comprehensible compendium of factual allegations that could support a cause of action on which relief could be granted. Thus, Plaintiff's original IFP application was denied, and she was granted leave to file an amended IFP application and an amended complaint. (Order dated June 10, 2010; [Docket No. 3].)

The Court's prior order in this case pointed out that Plaintiff's original complaint was grossly inadequate, and that it appeared she would need legal assistance to prepare a viable pleading. Plaintiff was referred to the Federal Bar Association, (FBA), and the Court encouraged her to contact that organization to see whether it could introduce her to a lawyer who could help her prepare and file an actionable pleading.

Plaintiff apparently tried to contact the FBA, but she was unable to retain an FBA attorney before the expiration of the deadline for repleading. Therefore, on July 13, 2010, Plaintiff filed another self-styled pro se complaint, (Docket No. 5), and an amended IFP application, (Docket No. 6).

Unfortunately, (and perhaps quite predictably), Plaintiff's amended complaint did not cure the serious shortcomings that the Court found in the original complaint. The Court pointed out that Plaintiff's original complaint was defective because:

> "She has not presented a coherent and comprehensible description of the historical facts on which her claims against the named Defendants are based. As a result, it is impossible to ascertain what, <u>specifically</u>, the named Defendants allegedly did, (or failed to do), that has caused Plaintiff to sue them."

(Order dated June 10, 2010, p. 3.) Plaintiff's amended complaint repeats the same flaws. Once again, Plaintiff has not presented a coherent and comprehensible description of the historical facts on which her lawsuit is based. Defendants still could

2

not be expected to know why they are being sued, because Plaintiff's new allegations are still too vague, confusing, and largely unintelligible. Thus, the Court finds that Plaintiff's amended complaint, like the original complaint, fails to state an actionable claim for relief. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007) ("[a] complaint fails to state a cause of action if it does not allege "enough facts to state a claim to relief that is plausible on its face").

Plaintiff must recognize that her amended complaint is inadequate, because she has filed a motion seeking leave to file another amended complaint. In that motion, Plaintiff explained that she was still attempting to retain a lawyer to help her prepare a suitable pleading.

Plaintiff's pending motion to amend must be denied, because she has failed to comply with Local Rule ["LR"] 15.1, which governs amended pleadings. LR 15.1 requires that –

> "A party who moves to amend a pleading shall file such motion and <u>shall attach to the motion: (1) a copy of the proposed amended pleading</u>, and (2) a redline comparing the proposed amended pleading to the party's operative pleading. If the Court grants the motion to amend, the moving party shall file the amended pleading with the Clerk of Court. Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must, except by leave of Court, <u>reproduce the entire pleading as amended</u>, and may not incorporate any prior pleading by reference." (Emphasis added.)

Because Plaintiff has not reproduced her entire proposed second amended complaint as an attachment to her motion, as required by LR 15.1, her motion to amend must be denied.

Under different circumstances, the Court might be inclined to allow Plaintiff some

3

additional time to look for a lawyer to help her prepare a new pleading.  However, this action has now been pending for more than eight months, and Plaintiff still has not filed an adequate pleading.  It has now been more than six months since Plaintiff indicated that she was trying to retain a lawyer, but she still has not done so.  Indeed, Plaintiff has not communicated with the Court about this matter in any way during the past six months.  Most significantly, Plaintiff has not shown any cause to believe that she might actually be able to prepare and file a complaint that states an actionable claim.  Given the passage of time, and the obvious futility of Plaintiff's efforts to retain counsel and file a passable pleading, the Court finds that this action cannot proceed at this time.  Thus, the Court will now recommend that Plaintiff's amended IFP application be denied,[1] and that this action be dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).[2]

The Court will recommend that this action be dismissed without prejudice, so that the dismissal, by itself, will not prevent Plaintiff from pursuing another lawsuit.  However, Plaintiff should not attempt to file a new action without retaining legal counsel to help her prepare a viable complaint.

---

[1]  Even if Plaintiff's complaint were acceptable, her amended IFP application still could not be granted, because she still has not provided a complete and accurate description of her current financial situation.  The amended IFP application indicates that Plaintiff is self-employed and that she also is employed by "Multilingual Word, Inc."  Plaintiff reportedly earns $600 per month from her self-employment, but she has provided no information about her earnings from her employer.  Because the amended IFP application is incomplete, Plaintiff could not be granted leave to proceed IFP at this time, even if she had filed an acceptable pleading.

[2]  As noted in the Court's prior order, § 1915(e)(2)(B)(ii) provides that a plaintiff's IFP application will be denied, and his or her lawsuit will be dismissed, if the plaintiff's complaint fails to state a cause of action on which relief can be granted.

RECOMMENDATION

Based upon the above, and upon all the records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's amended application for leave to proceed in forma pauperis, (Docket No. 6), be **DENIED**;

2. Plaintiff's motion for leave to file a second amended complaint, (Docket No. 7), be **DENIED**; and

3. This action be **DISMISSED WITHOUT PREJUDICE**.


Dated:    January 27, 2011

*s/ Jeffrey J. Keyes*
JEFFREY J. KEYES
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **February 14, 2011**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within ten days after service thereof.   All briefs filed under this rule shall be limited to 3500 words.  A judge shall make a de novo determination of those portions of the Report to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.